(C.D. 4657)

CONSOLIDATED SEWING MACHINE CORP. OF CALIFORNIA *v.*
UNITED STATES

Court No. 74-2-00430

(Dated June 21, 1976)

*Serko & Simon* (*Gerald B. Horn* of counsel) for the plaintiff.

*Rex E. Lee*, Assistant Attorney General (*John N. Politis*, trial attorney), for the defendant.

MALETZ, Judge: On November 5, 1971, the entry involved in this action was liquidated under item 685.23 of the tariff schedules,

as modified, and duty was assessed at 11% ad valorem. On February 22, 1972, plaintiff filed a claim for relief pursuant to 19 U.S.C. 1520(c)(1) which provides for a reliquidation to correct a clerical error.[1] Plaintiff claimed that the rate of duty for item 685.23 was 10.4% rather than 11% as assessed. This claim was granted and the entry was reliquidated on March 23, 1972. Excess duties were refunded on May 17, 1972. On August 11, 1972, plaintiff filed a protest challenging the original classification of the involved merchandise.

Defendant has moved this court pursuant to rule 4.7(b)(2) to dismiss the action for lack of jurisdiction.[2] It contends that the protest, filed more than 9 months after liquidation of the entry and 141 days after reliquidation of the entry, is untimely by virtue of 19 U.S.C. 1514(b)(2) which provides:

> (2) A protest of a decision, order, or finding described in subsection (a) of this section shall be filed with such customs officer within ninety days after but not before—
> (A) notice of liquidation or reliquidation, . . .

Plaintiff opposes dismissal, asserting that its protest was in fact timely filed. In this connection, it claims that the entry papers in question contain a second liquidation stamp of May 17, 1972, which, it insists, was the date that the reliquidation occurred. Plaintiff adds that this stamp, although pencilled with an "X" through it, is prima facie evidence of the date upon which this entry was reliquidated. It therefore argues that this date of May 17, 1972 commences the running of the 90-day-limitation period and that since the protest was filed on August 11, 1972, the protest was timely.

Plaintiff further states that the Customs Service denied the protest on the merits and not on the grounds of untimeliness and that this supports its claim that May 17, 1972 was in fact the date of reliquidation.

However, plaintiff's argument that May 17, 1972 was the date of reliquidation is specious. For one thing, the actual date of reliquidation, March 23, 1972, is clearly stamped on the consumption entry. For another, examination of this entry also makes it clear that the customs officer erroneously stamped thereon the date of the refund, May 17,

---

[1] 19 U.S.C. 1520(c)(1) provides.

(c) Notwithstanding a valid protest was not filed, the appropriate customs officer may, in accordance with regulations prescribed by the Secretary, reliquidate an entry to correct—

(1) a clerical error, mistake of fact, or other inadvertence not amounting to an error in the construction of a law, adverse to the importer and manifest from the record or established by documentary evidence, in any entry, liquidation, or other customs transaction, when the error, mistake, or inadvertence is brought to the attention of the customs service within one year after the date of entry, or transaction, or within ninety days after liquidation or exaction when the liquidation or exaction is made more than nine months after the date of the entry, or transaction; . . .

[2] Rule 4.7(b)(2) provides:

(b) Defenses: How Presented: The following defenses may be made by a motion to dismiss the action: . . . (2) lack of jurisdiction of the subject matter; . . . A motion making any of these defenses may be made before answer.

1972, as the date of the liquidation notwithstanding that that entry already bore the stamp "liquidated Nov. 5, 1971." It is apparent from the pencilled "X" running through the stamp stating "liquidated May 17, 1972" that this error was recognized. Furthermore, the possibility of May 17, 1972 being the actual date of liquidation is totally untenable. For that would result in the absurd situation of the reliquidation—which (as previously mentioned) took place on March 23, 1972—occurring *prior* to the date of liquidation.

But even assuming arguendo that plaintiff is correct in terming the May 17, 1972 date to be the date of reliquidation, its protest was still untimely filed. This is underscored by 19 U.S.C. 1514(c) which specifically provides:

> (c) . . . The reliquidation of an entry shall not open such entry so that a protest may be filed against the decision of the customs officer upon any question not involved in such reliquidation.

In this setting, the reliquidation herein concerned only the ad valorem rate to be applied under the liquidated classification. Hence a protest involving the original classification was not within the scope of this reliquidation.

Plaintiff's further reliance for jurisdiction on the fact that the Customs Service denied the protested classification on the merits has no basis. For this error by the Customs Service in overlooking the untimeliness of the protest and denying it on the merits cannot confer jurisdiction on this court where none in fact exists. 19 U.S.C. 1514 mandates that classification decisions made by the Customs Service shall be final and conclusive unless a protest is filed within 90 days of liquidation. If, as here, this prerequisite is not met this court lacks jurisdiction.

In accordance with the foregoing, defendant's motion to dismiss the action is granted and the action is hereby dismissed.